STORMS, In re. See Case No. 7,681.

---

## Case No. 13,492.
### STORRS v. ENGEL.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 13,493.
### STORRS et al. v. ENGEL et al.

[Case reported under above title same as Case No. 12,053.]

---

## Case No. 13,494.
### STORRS et al. v. ENGEL et al.
### Ex parte GARNETT.

[3 Hughes. 414;[1] 19 N. B. R. 90.]

District Court, E. D. Virginia. April 16, 1879.

BANKRUPTCY — FRAUDULENT SALE — SEIZURE OF PROPERTY—FORTHCOMING BOND—APPEAL BOND — ELECTION OF ASSIGNEE — PROCEEDING UPON BOND.

1. Where an order of seizure was given in an involuntary bankruptcy proceeding against goods in the hands of a purchaser by sale, afterwards adjudged to have been fraudulent, and on this purchaser's petition the goods were released to him on his giving a joint and several bond to the marshal, with sureties for the forthcoming of the goods, or else to answer the future judgment of the court in the matter; and plenary proceedings were afterwards instituted in the district court on its equity side against the purchaser and his securities in this bond to set aside the sale, and a decree was in due course rendered declaring the sale to have been fraudulent, and decreeing the value of the goods to be paid by the fraudulent purchaser and his sureties, and the purchaser (not joined by his sureties) appealed to the circuit court, giving an appeal bond with new sureties; and, after decree of the circuit court affirming the decree below, the said purchaser appealed to the supreme court, giving an appeal bond with new surety, and that appeal was dismissed, and then execution was taken out against the fraudulent purchaser, on which only a small part of the debt was made, leaving a large balance unpaid; and a petition was filed in the bankruptcy proceeding by the assignee against the sureties in the original delivery bond (not making the fraudulent purchaser a party) for the payment of the balance due under the decree, and the said purchaser soon after died insolvent, but leaving real estate not sufficient to satisfy by sale the amount of the decree: Held, on demurrer and answer, that the assignee in bankruptcy could select which of the several bonds to proceed upon, and might proceed upon the original delivery bond, and, this being joint and several, he might proceed against any one or more of the obligors.

2. The assignee might proceed by summons or petition, and need not resort to a plenary suit upon the bond.

3. The assignee might proceed at once against the sureties in the original bond, and need not first subject the real estate of the fraudulent purchaser of the goods replevied before so doing.

In June, 1870, Storrs Brothers filed in this court a creditors' petition in involuntary bankruptcy, against Engel & Son, retail dry-goods merchants of Richmond, Virginia. There was an adjudication of bankruptcy upon the petition on the 23d of the same month. Among other acts of bankruptcy relied upon, the petition charged that within six months before the filing of the petition, to wit, on the 16th of May, 1870, the defend-

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

ants had sold, in block, the contents of their store in Richmond, being their whole stock of drygoods in trade, for a lump sum, to one Lisberger; that this was a sale in fraud of creditors, by an insolvent, in contemplation of bankruptcy; that Engel & Son's insolvent condition was known to Lisberger; that Lisberger was party to the fraud, and was then selling and disposing of the goods in question. The petition, therefore, prayed for an order of seizure against the goods. The petition was supported by the usual affidavits. The court thereupon immediately entered an order directing the seizure of the stock of goods, which was executed by the marshal on the same day. On this same day Lisberger filed his petition denying the charges of the creditor's petition affecting the bona fides of his purchase of the stock of goods from Engel & Son, and praying that, on his executing to the marshal a bond, with security approved by the marshal in such penalty as to the court might seem proper, conditioned for the forthcoming of the said goods or the value thereof, and to abide such further order as might be made by the court, the stock of goods might be returned to him. The court on the next day granted the prayer of Lisberger's petition, in an order running nearly in the terms of its prayer; and on the same day, on Lisberger entering into a bond to the marshal, conditioned as described, in the penalty of eight thousand dollars, with M. Rosenbaum and two other persons (who have since become discharged bankrupts) as sureties, the marshal delivered the stock of goods to him. M. Rosenbaum was one of the principal creditors of Engel & Son, and proved his claim in bankruptcy. The bond was joint and several.

In due course of proceeding, Otway D. Brown was afterwards elected the assignee of Engel & Son in bankruptcy, and qualified as such. Brown was a clerk in the employment of Rosenbaum, who is a large wholesale drygoods merchant of Richmond. Counsel for most of the creditors desired a proceeding to be instituted for the purpose of annulling the sale which Engel & Son had made of the stock of goods to Lisberger, but Brown refused to take the proper steps for the purpose, alleging, in excuse, the opposition of his employer, Rosenbaum, to such a measure. Finally, after the lapse of several months, Brown was, on petition of creditors, removed as assignee, and the present assignee, E. M. Garnett, was appointed on the 4th of April, 1871.

On the 11th day of that month, Garnett file a petition in the bankruptcy proceeding, charging in detail the fraudulent character of the sale, and praying that Lisberger, M. Rosenbaum, and the other sureties in the bond, which had been given as mentioned, should be made parties defendant. This petition was ultimately directed by the court to be treated as a bill on the equity side of the district court (Lisberger v. Garnett [Case No. 8,383]), was referred to rules, and was then proceeded in as a plenary suit in equity, and not as a summary proceeding in bankruptcy. The result of the litigation thus instituted was a decree of the district court, made on the 10th day of May, 1876, pronouncing the sale of the stock of goods to Lisberger to have been fraudulent; and, inasmuch as they had been sold by Lisberger after delivery to him, fixing their value when received from Engel & Son at five thousand six hundred and eighteen dollars and fourteen cents; and decreeing the payment by Lisberger and his sureties to Garnett, assignee, of that sum, with interest from the 16th day of May, 1870, until payment and costs. From this decree an appeal was taken by Lisberger to the circuit court of the United States for the district, on the 16th day of May, 1876, when he gave an appeal bond, with sundry persons, other than Rosenbaum, as sureties, in the penalty of nine thousand dollars, conditioned to prosecute an appeal with effect, or else to answer all costs and damages which the appellee might be decreed to pay. On the 9th of October, 1877, the circuit court affirmed the decree of the district court, and directed execution to issue as at law for the amount of the original decree; whereupon Lisberger took an appeal to the supreme court of the United States, giving an appeal bond, with sundry sureties other than those on the other two bonds, in the penalty of twelve thousand dollars. This appeal was dismissed from the supreme court at its October term of 1878. On the 13th of November, 1878, executions were issued against Lisberger upon the decree of the circuit court, upon which an aggregate sum of one thousand one hundred and eighty-five dollars and forty-eight cents has been realized, and from which it appears that Lisberger, who has since died, was insolvent. It is shown that he has no personal estate, and that he has real estate in the city of Richmond, though doubtless insufficient to satisfy the decree in favor of Garnett, assignee.

On the 17th of January, 1879, this assignee filed his petition in this court in the bankruptcy proceedings of Storrs Brothers v. Engel & Son, reciting the facts which have been detailed, and praying that M. Rosenbaum and the two sureties with him in the original delivery bond of the 18th of June, 1870, may be required to show cause here why they should not be ordered to pay the residue of the value of the stock of goods not satisfied by the executions mentioned, in accordance with their obligation given to this court as a condition of its surrender to Lisberger of the stock of goods in question at the date of this bond. Rosenbaum demurred to this petition on the ground, first, that the proceeding should be a plenary suit at law on the bond, and that the defendant is not liable to be proceeded against by a summary petition in bankruptcy for a recovery

upon the writing obligatory; and, second, that any proceeding on the bond should have made Lisberger, the obligor, who was living at the filing of the petition, a party thereto. The demurrer was overruled by the court, which held that the bond, having been given to the court itself, conditioned to abide its decree in the matter, no proceeding other than by motion or petition was necessary; and which also held that the bond being several, either obligor might be proceeded against severally, or together, as the plaintiff in the decree might elect.

Thereupon the defendant Rosenbaum filed his answer to the petition, resisting its prayer on various grounds, viz.:

(1) That the order of seizure made on the 17th of June, 1870, by virtue of which the stock of goods was seized, and the bond for their forthcoming or the value of them given, was issued without authority of law, that the said seizure was illegal, and that the said bond so taken was taken without authority of law, and is in law null and void, and of no effect to bind the respondent.

(2) That even if respondent were bound by said original bond, yet that he and his co-sureties were wholly absolved and discharged from all liability upon the same, by reason of the granting and allowance of the two appeals, which were taken by Lisberger, and the execution of two appeal bonds given thereon, to which bonds and proceedings this respondent was not a party; by which bonds and proceedings the responsibility for the said stock of goods was transferred to the sureties in the appeal bonds, who, respondent avers, were and are perfectly solvent, and liable in law to answer for the default of Lisberger.

(3) That at the time that the decree of this court was pronounced declaring invalid the sale by Engel & Son to Lisberger on the 16th of May, 1870, the said Lisberger was amply responsible, and had sufficient goods and estate to pay the said decree in full; that if Lisberger has become insolvent it was while the proceedings on said appeals were pending, and that the consequences of said insolvency cannot in law and equity be made to fall on this respondent, but should fall on those by whom said appeals were prosecuted and maintained.

(4) That respondent is informed and believes that Lisberger died seized of valuable real estate in the city of Richmond; that the same ought to be sold in due course of law, and the net proceeds applied in discharge, as far as it will go, of said decree; that until that be done there is no legal evidence of the insolvency of Lisberger, or the inability of his estate to pay said decree; that before this respondent can in law be held for this decree, the extent of the deficiency of the estate to pay the same should be first ascertained by such sale and application of its proceeds, in order that respond-

ent may have the benefit of the same, and to this end:

(5) That the personal representative of Lisberger should be made a party defendant to this petition.

E. Y. Cannon, for defendant, cited U. S. v. Kellogg, 7 Wall. [74 U. S.] 361; Catlett v. Brady, 9 Wheat. [22 U. S.] 553; 6 Gray, 141; 2 Gill & J. 431; 6 Har. & J. 431; Sessions v. Pintard [Case No. 12,674], note; 4 Smedes & M. 210; Winston v. Rives, 4 Stew. & P. 269; U. S. v. Hillegas [Case No. 15,366]; Pow. App. Proc. p. 275, § 17, and Id. p. 371, § 19; Nelson v. Anderson, 2 Call, 242 [287]; Cook v. Marsh, 44 Ill. 178; Patton v. Vially, 1 Cranch [5 U. S.] 463; Mayo v. Williams, 17 Ohio, 244; Gross v. Pearcy, 2 Pat. & H. 483; and Clarkson v. Read, 15 Grat. 288, 289.

John Howard and Robert Stiles, for petitioning assignee, cited section 5024, Rev. St. U. S., at close of section, letter C; Bump, Fraud. Conv. 447; Brandt, Sur. p. 535, § 394; Dolby v. Jones, 2 Dev. 109; Ashby v. Sharp, 1 Litt. (Ky.) 156; Smith v. Falconer, 11 Hun, 481; Hinckley v. Kreistz, 58 N. Y. 583; Shannon v. McMullin, 25 Grat. 229, 230; Miller v. Dowse, 94 U. S. 444. And on the demurrer: Taylor v. Carroll, 20 How. [61 U. S.] 594; Russell v. East Anglian Ry. Co., 3 Macn. & G. 104; Freeman v. Howe, 24 How. [65 U. S.] 457; [Ableman v. Booth] 21 How. [62 U. S.] 506; [Cooper v. Reynolds] 10 Wall. [77 U. S.] 308; 1 Wall. [68 U. S.] 344–354; Lisberger v. Garnett [Case No. 8,383]; Inbusch v. Farrell, 1 Black [66 U. S.] 572; [Blossom v. Milwaukee & C. R. Co.] 1 Wall. [68 U. S.] 655; Minnesota Co. v. St. Paul Co., 2 Wall. [69 U. S.] 634; Wiswall v. Campbell, 93 U. S. 351; Smith v. Gaines, Id. 342; and Moore v. Huntington, 1 Black [66 U. S.] 572.

HUGHES, District Judge. The seizure of the goods in the possession of Lisberger was, after plenary proceedings in which both Lisberger and Rosenbaum were parties defendant, finally and solemnly adjudged to have been legal and proper; that is to say, the sale to Lisberger by Engel & Son was adjudged to have been fraudulent, null, and void. The seizure of these goods by the marshal under the order of this court was, therefore, a seizure of the assets in bankruptcy of Engel & Son, fraudulently held by Lisberger. Rosenbaum joined in the bond for the delivery of the goods, and for answering the decree of the court in the matter, and was party to the subsequent suit brought to test the validity of Lisberger's title to the goods. Lisberger, for whom Rosenbaum became surety, has been the person who has prolonged the proceedings in the district, circuit, and supreme courts, which delayed the court of bankruptcy in giving the order against his surety Rosenbaum, now asked for by the petition. The petitioning assignee has in no manner,

direct or indirect, created any delay, or been guilty of any laches.

In the appeal from the decree of the district court to the circuit court Lisberger was appellant. So also, from the affirming decree of the circuit court to the supreme court, Lisberger was appellant. In no instance and at no stage of these proceedings has the assignee Garnett committed any laches, or instituted any proceeding of a dilatory character. It follows, now that the invalidity and nullity of Engel & Son's sale to Lisberger, and the fraudulency of Lisberger's original possession of the goods, have been finally determined, that the assignee, Garnett, is in equity entitled to proceed against the surety or sureties on either one of the bonds that have been given which he may elect to proceed against. He is not bound to begin with the sureties last responsible, and proceed with each set until he makes good his claim. He may begin with either surety or sureties. He has chosen to do so with the sureties in the first bond, and the court will sustain him in so doing and grant this petition; for that bond stands for the goods originally seized. Inbusch v. Farwell, 1 Black [66 U. S.] 572. The same principle applies to Lisberger's property. The assignee is not bound to await the result of the proceedings to subject Lisberger's property to the satisfaction of the claim of the assignee. The latter may proceed at once against Rosenbaum. I think this is in accordance with the equity of the case, and with the teaching of the authorities on the subject.

